Petitioner is the widow of Arthur Phillips, deceased, who died January 27th, 1946. On February 26th, 1946, Arthur Phillips, Jr., Milton Maybaum and Nathan Bilder, executors named in the will of Arthur Phillips, deceased, having offered his will dated September 9th, 1943, for probate, the petitioner filed objections thereto.
Petitioner now seeks by her petition an order pending the contest over the probate of the will of her husband, directing the payment to her of an allowance out of income for her *Page 97 
support and maintenance, and a further allowance out of income orcorpus of the estate to meet expenses incurred and to be incurred in the conduct of her contest and a reasonable counsel fee under authority of R.S. 3:2-29.
The statute is one in derogation of the common law and must be strictly construed. The common law gave to this petitioner, as widow, no such relief. The term "income," in its common everyday meaning, is that gain which proceeds from labor, business, property or capital of any kind. According to the evidence, the only income which decedent had was $400 a week paid to him by the National Oil Supply Company as salary for services. With his death, this income ceased. The records produced indicate no other income. Besides the residence in which the deceased lived with his wife, other assets of his estate consists of 1,300 shares of the capital stock of the National Oil Supply Company, which company ever since its incorporation paid no dividend.
Upon the filing of objections by petitioner to probate of the will the court appointed an administrator pendente lite. To direct the administrator pendente lite to pay the petitioning widow a stipulated sum pending the contest over the probate of the will out of the "income" of the estate of the decedent would be futile, since it appears from all of the evidence including that of the administrator pendente lite that the estate is not in receipt of any income.
Moreover, since no allowance can be made out of the income to meet the expense in conducting the contest over the will, no allowance in the instant case should be made out of the corpus
of the estate. On the hearing, in addition to the will under contest dated September 9th, 1943, the will of decedent dated September 22d 1938, and codicil thereto dated October 3d 1941, were introduced in evidence.
It is not in dispute that the decedent was mentally competent prior to 1943, and so if the will of 1943 should be held to be void because of lack of competency of the testator, the earlier will of 1938 and codicil thereto will become effective. So far as the petitioning widow is concerned, both wills are identical. The 1938 will and codicil contain the same bequests *Page 98 
to her that are set forth in the will of 1943 with the exception of the paragraph in the will of September, 1943, which does not correspond exactly in number and content with the will of September 22d 1938, in paragraph "Third" thereof. By this paragraph petitioner is bequeathed all shares of capital stock of Jalna Realty Company, which company owned the premises number 51 Undercliff Road, Millburn, New Jersey, and which was its lone asset. The company was dissolved and the assets transferred to decedent in his lifetime. The codicil of October 3d 1941, rescinded paragraph "Third" of the will of September 22d 1938, and instead the testator bequeathed the premises 51 Undercliff Road to petitioner in lieu of the shares of stock. The will of September 9th, 1943, reiterates the bequest of the house to her, and so the petitioning widow will receive, whether the will of 1943 is sustained or not, the premises number 51 Undercliff Road, Millburn, free and clear of encumbrances, and the further sum of $6,500.
Under the circumstances, the litigation is such where the court, in the exercise of its powers, will not order an allowance out of the corpus of the estate to meet the expenses incurred or to be incurred in the litigation. The contest seems unwarranted since even if the 1943 will is denied probate, the petitioner will gain nothing because of the identity of the wills of 1943 and 1938 so far as she is concerned.
Order denied. *Page 99